# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLARK, ) | 1:09-CV-1217 JMD HC |
| Petitioner, ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1) |
| v. ) | ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT |
| MATTHEW CATE, ) | |
| Respondent. ) | ORDER DENYING A CERTIFICATE OF APPEALABILITY |

Christopher Clark (hereinafter "Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL HISTORY**

On April 15, 2000, Petitioner committed the federal offense of taking a motor vehicle by force, violence, and intimidation with intent to cause death and serious bodily harm. See Respondent's Answer Attachment 1, Forest Kelly Declaration ("Kelly Decl.").

On April 20, 2000, Petitioner was arrested by state authorities in Knox County Tennessee, for the state charges of felony theft over $10,000.00, driving without a license, leaving the scene of an accident, evading arrest-non-vehicle, and evading arrest-vehicle. Id.

On June 6, 2000, Petitioner was transferred from state custody to federal custody pursuant to a writ of habeas corpus ad prosequendum. See Respondent's Answer Attachments 3,14; Kelly Decl. ¶ 5.

On January 29, 2001, Petitioner pleaded guilty to the federal offense of taking a motor

vehicle by force, violence, and intimidation with intent to cause death and serious bodily harm.  See Respondent's Answer Attachment 2.  On February 2, 1001, the United States District Court for the Eastern District of Tennessee sentenced Petitioner to a sixty-five month term of confinement.  See Respondent's Answer Attachment 2.

On February 7, 2001, Petitioner was returned to the custody of the state authorities and the federal judgment was filed as a detainer with the State of Tennessee.  See Respondent's Answer Attachment 3; Kelly Decl. ¶7.

On April 21, 2005, Petitioner was sentenced in Knox County Tennessee to ten-year term of confinement for an unrelated offense of voluntary manslaughter.  See Respondent's Answer Attachment 4.  The state judgment indicated that the state sentencing court ordered that pre-trial jail credit be applied to the state sentence from April 15, 2000 through April 21, 2005.  Id.  Petitioner served his state sentence from April 21, 2005 (the date it was imposed), to February 6, 2008 (the date the sentence expired).  See Respondent's Answer Attachment 5.  The state judgment also indicated that the state sentence was to run concurrent to Petitioner's federal sentence.  See Respondent's Answer Attachment 4.

On February 6, 2008, Petitioner was released to the custody of the federal authorities.  See Respondent's Answer Attachment 6.  The Federal Bureau of Prisons ("BOP") computed Petitioner's term of confinement as commencing on February 6, 2008, the date Petitioner was received into exclusive federal custody.  See Respondent's Answer Attachment 11; Kelly Decl. ¶ 14.  Based on this calculation, Petitioner is currently scheduled to be released from the BOP's custody, via good time credit release, on November 28, 2012.

On or about May 2008, Petitioner filed a request for administrative remedy with the BOP. See Respondent's Answer Attachment 15.  The BOP treated Petitioner's request as a request for retroactive concurrent designation.  On November 11, 2008, the BOP denied Petitioner's request for retroactive concurrent designation.

On July 14, 2009, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California.  See Doc. No. 1.  Petitioner contends that the BOP failed to properly calculate his sentence computation because the BOP did not give

Petitioner credit towards his federal sentence for time served in state custody. Petitioner argues that his state sentence should be concurrent to his federal term of imprisonment.

On July 23, 2009, Petitioner consented to have a United States Magistrate Judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c)(1). See Doc. No. 5. On November 25, 2009, the Respondent consented to Magistrate Jurisdiction. See Doc. No. 8. On January 5, 2010, Respondent filed an answer. See Doc. No. 13. Respondent submits that Petitioner has exhausted his administrative remedies. See Doc. No. 13 at 3. On February 10, 2010, Petitioner filed a traverse. See Doc. No. 14.

## DISCUSSION

### I.   Jurisdiction and Venue

The writ of habeas corpus extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Claims concerning the manner and execution of a prisoner's sentence are properly asserted under § 2241. E.g., Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); see also Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (per curiam) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies). As Petitioner contends that his custody is contrary to federal law due to the BOP's failure to afford him credit for time served, the Court has jurisdiction over Petitioner's claim pursuant to § 2241. At the time Petitioner filed his petition, he was incarcerated at the United States Penitentiary in Atwater, California, which is within the Eastern District of California; therefore the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

### II.  Petitioner's Claims

Petitioner contends that the BOP failed to afford him credit toward his federal sentence for time served in state custody and that the BOP's failure violates his due process rights. Petitioner argues that he is entitled to credit for time served from April 15, 2000 through April 21, 2005 because the credit was not used towards any other sentence and because a federal detainer was in

place during the time period that Petitioner was serving his state sentence. Petitioner asserts that his state sentence should have run concurrent to his federal term of imprisonment because the state court judgment indicates that the sentence shall run concurrent to the federal sentence. Petitioner argues that the federal court is bound to give the state court judgment the "same faith and credit." The record reveals that Petitioner's sentence was calculated correctly and he cannot be awarded further credit.

      A.    <u>Petitioner is Not Entitled to Credit to His Federal Sentence for Time Served in State Custody</u>

Petitioner contends that the BOP failed to afford him credit toward his federal sentence for time served in state custody. Petitioner's argument is not persuasive. The Attorney General, through the BOP, has responsibility for imprisoning federal offenders. <u>E.g.</u>, <u>United States v. Wilson</u>, 503 U.S. 329, 333 (1992) (citing 18 U.S.C. § 3621(a)). The BOP is responsible for calculating the credit a federal prisoner is entitled to in accordance with the provisions of 18 U.S.C. § 3585. <u>Id.</u> at 334. Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). In drafting § 3585, "Congress made clear that a defendant could not receive a double credit for his detention time." <u>Wilson</u>, 503 U.S. at 337. Time credited to a prisoner's state sentence cannot be credited to the prisoner's federal sentence. <u>See id.</u>; 18 U.S.C. § 3585(b); <u>see also</u> <u>Boniface v. Carlson</u>, 856 F.2d 1434, 1436 (9th Cir. 1988) (per curiam) (applying the precursor to § 3585 and concluding that "since the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time.")

The record before the Court establishes that Petitioner received credit towards his state sentence for all of the time he spent in state custody prior to the commencement of his federal sentence. Petitioner was arrested by the state authorities for unrelated state charges on April 20, 2000. <u>See</u> Respondent's Answer Attachment 1. The Tennessee state court judgment indicates that

1  on April 21, 2005, Petitioner was sentenced to ten years. See Respondent's Answer Attachment 4.
2  Petitioner received pre-trial jail credit to be applied to the state sentence from April 15, 2000 through
3  April 21, 2005. Id.; see also Kelly Decl. ¶ 8. When Petitioner's time in custody began to be
4  "credited against another sentence," section 3585(b) precluded credit from accruing towards his
5  federal sentence. Had the BOP counted that period towards his federal sentence, Petitioner would
6  have received "a double credit," which the United States Supreme Court has held is against the clear
7  intention of § 3585(b). Wilson, 503 U.S. at 337; 18 U.S.C. § 3585(b). Accordingly, because the
8  state credited all of the time Petitioner served in state custody toward his state sentence, Petitioner is
9  not entitled to have the time period from April 15, 2000 through April 21, 2005, credited to his
10 federal sentence.

11         Insofar as Petitioner alleges that his federal sentence commenced when he was first produced
12 for prosecution in federal court pursuant to a federal writ of ad prosequendum on June 26, 2000, he
13 is mistaken. The production of a defendant in state custody to a federal court pursuant to a writ of
14 habeas corpus ad prosequendum does not constitute the commencement of a sentence under federal
15 law. Taylor v. Reno, 164 F.3d 440, 444-45 (9th Cir. 1998); Thomas v. Brewer, 923 F.2d 1361,
16 1366-67 (9th Cir. 1991). Rather, the state retains primary jurisdiction over the prisoner, and federal
17 custody commences only when the state authorities relinquish the prisoner upon satisfaction of the
18 state term. Taylor, 164 F.2d at 445. As the Ninth Circuit has held, "When an accused is transferred
19 pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal
20 authorities so that the sending state's jurisdiction over the accused continues uninterruptedly."
21 Thomas, 923 F.3d at 1367. Because Petitioner was still in state custody at the time the district court
22 imposed his federal sentence, the district court did not have authority to order Petitioner into federal
23 custody to commence his federal sentence. Taylor, 164 F.3d at 445. "A federal sentence commences
24 on the date the defendant is received in custody awaiting transportation to, or arrives . . . at, the
25 official detention facility at which the sentence is to be served." 18 U.S.C. § 3585. The sentence
26 does not commence when the sentence is imposed. See Taylor, 164 F.2d at 446. Therefore,
27 Petitioner's federal sentence commenced on February 6, 2008, when Petitioner was released from
28

state custody and transferred to exclusive federal custody.[1]

### B. The BOP's Decision to Deny Petitioner a Nunc Pro Tunc Designation was Neither Arbitrary or Capricious

Petitioner argues that his federal sentence should run concurrently to his state sentence. Petitioner is mistaken. The BOP has the authority to treat state and federal sentences as concurrent in the following relevant circumstances: (1) if an inmate requests a nunc pro tunc designation, and the district court does not object; or (2) if a state jurisdiction makes such a request. The BOP's decision to deny a request for nunc pro tunc designation is reviewed only to determine whether the denial was arbitrary and capricious. Taylor, 284 F.3d at 1149.

The factors used by the BOP to evaluate requests for nunc pro tunc designation include:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence-
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

In the instant matter, the Factors Worksheet under 18 U.S.C. § 3621(b) used by the BOP in evaluating Petitioner's request for nunc pro tunc status is attached to Respondent's Answer as Attachment 14. The worksheet indicates that the BOP considered all of the factors set forth in § 3261(b). See Respondent's Answer Attachment 14. The BOP denied Petitioner's request based on the seriousness of the offense, Petitioner's prior criminal history, and the district court's response, which indicated that a consecutive term would be appropriate (i.e. factors 2-4). Id. The BOP also noted the following: "The state charges are unrelated to the instant offense. The federal judge indicated that he does not support [Petitioner's] request for credit for time served in state custody." Id. On November 11, 2008, Petitioner's request for nunc pro tunc status was denied. Id.

After reviewing the record, the Court does not find that the BOP's denial of Petitioner's

---

[1] The federal detainer issued in 2001 did not change Petitioner's state custody status. See Thomas v. Whalen, 962 F.2d 358, 360-61 (4th Cir. 1992) ("A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law.").

U.S. District Court
E. D. California

6

request for nunc pro tunc status was arbitrary or capricious. The BOP considered the relevant factors, detailing Petitioner's prior criminal history and present offenses as well as the sentencing judge's lack of support for Petitioner's request.

      C.      Concurrent Sentences Imposed by State Judges are Mere Recommendations to Federal Officials

Petitioner argues that the BOP was bound to adopt the state court's recommendation that his state and federal sentences be served concurrently. However, concurrent sentences imposed by state judges "are nothing more than recommendations to federal officials." Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002), (citing Del Guzzi v. United States, 980 F.2d 1269, 1272-73 (9th Cir. 1992)). "Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody." Id. As a result, the state sentencing court's directive itself placed no binding obligation upon the BOP to commence Petitioner's federal sentence before the expiration of petitioner's state term. Thus, Petitioner does not establish a basis to advance his federal release date by way of the state judge's noted directive.

      D.      Comity, Federalism and Full Faith and Credit Principles

Petitioner appears to be arguing that the federal court is bound by the state court's directive that Petitioner's state and federal sentence run concurrently. However, "in our federal system, state courts are not constitutionally empowered to control punishment for federal crimes, nor have our states and federal government ever recognized such a practice." Sawyer, 284 F.3d at 1152. "Forcing the federal judiciary to adhere to the wishes of the state courts regarding punishment of those in federal jurisdiction because of federal crime would impinge on the rights of the federal judiciary to apply its own sentencing laws for violation of federal criminal laws." Id.

To the extent that Petitioner is arguing that Article IV, Section 1, of the United States Constitution ("the Full Faith and Credit Clause") was violated when the BOP choose to not give effect to the state court judgment, Petitioner's argument is unavailing. The Ninth Circuit has held that the Full Faith and Credit Clause is not violated if the BOP chooses not to give effect to a state court judgment requiring concurrent sentences because the Full Faith and Credit Clause imposes no obligations on the federal government. See Sawyer, 284 F.3d at 1152. The Ninth Circuit also held

that 28 U.S.C. § 1738 (State and Territorial Statutes and Judicial Procedures; Full Faith) does not apply to an attempt to enforce a state criminal sentence to limit a federal sentence for a federal crime "because the state sentence is based on a state prosecution in which the federal government, including its Bureau of Prisons (a federal executive agency), was not and could not have been a party." The Ninth Circuit explained that:

> federal courts do not have an obligation, as a matter of full faith and credit, to enforce a state court criminal judgment because the United States is generally not a party to the state criminal proceeding. State and federal criminal prosecutions involve distinct parties, and consequently the enforcement of a state criminal judgment is not required when that enforcement would intrude upon the execution of a distinct federal criminal judgment.

Id. at 1153. Therefore, Petitioner's arguments have no merit because neither the Full Faith and Credit Clause of the United States Constitution nor 28 U.S.C. § 1738 was violated in this case.

### III.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability

"if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;
2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    February 25, 2011**                    /s/ John M. Dixon
                                              UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California

9